SUMMARY ORDER

Jean Miguelite Milceus, a native and citizen of Haiti, seeks review of a May 28, 2008 order of the BIA affirming the September 13, 2006 decision of Immigration Judge (“IJ”) George Chew, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Jean Miguelite Milceus, No. A95 890 855 (B.I.A. May 28, 2008), aff'g No. A95 890 855 (Immig. Ct. N.Y. City Sept. 13, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We need not reach the merits of the IJ’s adverse credibility determination because Milceus failed to exhaust any challenge to that determination. In addition to the statutory requirement that petitioners exhaust each category of relief, 8 U.S.C. § 1252(d)(1), we generally will not consider arguments regarding individual issues that were not exhausted before the agency. Lin Zhoug v. U.S. Dep’t of Justice, 480 F.3d 104, 107 n. 1, 122-123 (2d Cir.2007). While not jurisdictional, this judicially-imposed issue exhaustion requirement is mandatory. Id. at 119-120. In particular, a petitioner must challenge all findings that are dispositive of his claims, and the failure to do so is fatal to his petition for review. See Steevenez v. Gonzales, 476 F.3d 114, 117-118 (2d Cir.2007).
As Milceus fails to articulate any error in the IJ’s adverse credibility determination in the counseled brief he filed in this Court, he waives any such argument. Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). In his brief to this Court, Milceus provides boilerplate language concerning credibility determinations, generally. However, the only paragraph of his brief that addresses the IJ’s findings fails to identify any error. Milceus’s statement that “there was insufficient testimony to render an adverse determination as to his credibility” does not suffice to raise the issue for our review.
Thus, because Milceus has both waived any challenge in this court to the agency’s adverse credibility determination, and because that determination was dis-positive of each of his applications for relief, see Majidi v. Gonzales, 430 F.3d 77 (2d Cir.2005), we deny the petition for review, see Steevenez, 476 F.3d at 117-118.**
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is *14 DISMISSED as moot. Amy pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

 We note that even if we were to review the credibility determination, it was supported by substantial evidence where it was properly based on: (1) Milceus's discrepant testimony regarding his participation in student demonstrations in Haiti; (2) his testimony regarding the demonstrations that was inconsistent with the 2003 Country Report; and (3) his failure to provide corroboration of his testimony that his uncle was killed and that members of the Lavalas party were seeking to persecute him. See 8 U.S.C. § 1252(b)(4)(B); see Liang Chen v. U.S. Att’y Gen., 454 F.3d 103, 106-107 (2d Cir.2006).